**SIGNED THIS: April 14, 2009**

_____

**GERALD D. FINES**
**UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PAUL L. BISHOP, | ) | Bankruptcy Case No. 08-91619 |
| | ) | |
| Debtor. | ) | |

## OPINION

This matter having come before the Court on an Amended Chapter 13 Plan, Objection to Amended Chapter 13 Plan filed by Faith Ann Bishop, Notice of Objection to Claim #2, Response to Objection to Proof of Claim #2, Notice of Objection to Claim #3, and Response to Objection to Proof of Claim #3; the Court, having heard sworn testimony and arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

### Findings of Fact

The material facts in this matter are not in significant dispute and are, in pertinent part, as follows:

1.      The Debtor filed for relief under Chapter 13 of the Bankruptcy Code on September 23, 2008, scheduling his former spouse, Faith Ann Bishop, as an unsecured creditor.

2.      Prior to filing for Chapter 13 bankruptcy relief, the Debtor was divorced from Faith Ann Bishop, on November 29, 2007, in Macon County, Illinois.  Pursuant to the Judgment of Dissolution of Marriage, the Debtor was ordered to pay, on behalf of Faith Ann Bishop, the sum of $347.50 for real estate taxes on a home in Decatur, Illinois.  Debtor was also ordered to pay $16,750 toward a Bank of America/Gold Option credit card in installments of $250 per month for 67 months.  The Debtor has made three payments toward the Bank of America debt, with the sum of $16,000 still owing.

3.      On December 15, 2008, Creditor, Faith Ann Bishop, filed Claim Nos. 2 and 3 as priority unsecured claims.  Creditor, Faith Ann Bishop, also filed an Objection to Amended Chapter 13 Plan, asserting that her claims should be paid as priority claims that are in the nature of child support or maintenance and, thus, non-dischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(5).

4.      In response to the Creditor's Objection to Amended Chapter 13 Plan and to Creditor's filing of Claim Nos. 2 and 3, Debtor has filed Notice of Objection to Claim #2 and Notice of Objection to Claim #3, asserting that the claims represent property settlement issues in the parties' dissolution proceeding, and, as such, are not priority claims and can be paid pro rata as general unsecured claims in the Debtor's Amended Chapter 13 Plan.

<u>Conclusions of Law</u>

The issues in this matter are controlled by 11 U.S.C. § 523(a)(5), which provides that an indebtedness to a former spouse for alimony, maintenance, or child support is non-dischargeable in bankruptcy.  The burden of proof is upon the creditor to establish by a preponderance of the evidence that the debts in question are in the nature of alimony, maintenance, or child support.  <u>Grogan v. Garner</u>, 498 U.S. 279 (1991).  If the debts in

question are found to be in the nature of alimony, maintenance, or child support, they must be paid in full through the debtor's Chapter 13 plan as priority unsecured claims.

In determining whether a debt is in the nature of alimony, maintenance, or child support, the Court must review numerous factors. In re Daulton, 139 B.R. 708 (Bankr. C.D. Ill. 1992). The Court notes that certain of the factors set out in Daulton bear more weight upon the decision than do others. The mere fact that a party may have more factors in his or her favor is not dispositive of the dischargeability issue where those factors are of less significance than others.

In determining whether obligations set forth in a property settlement agreement, as found in this case, are in the nature of support, a Court must consider factors such as: (1) whether the agreement includes provisions for payments to the ex-spouse; (2) whether a hold harmless provision was intended to balance the parties' incomes; (3) whether a hold harmless provision is located in the midst of the property allocation provisions; and (4) whether a hold harmless provision describes the character and method of payment. In re Coil, 680 F.2d 1170 (7th Cir. 1982); In re Woods, 561 F.2d 27 (7th Cir. 1977). Courts also consider other factors, including the label of the obligation in the agreement, the age and health of the parties, the length of the marriage, the relevant tax consequences, whether each party had counsel, and whether any waiver of rights was knowing and voluntary. See: Daulton, supra, at 710. Also see: In re Douglas, 202 B.R. 961, at 964 (Bankr. S.D. Ill. 1996).

In applying all of the balancing factors found in Daulton and the other cases cited above, the Court finds that the debts in question are not in the nature of support or maintenance. The debts in question were not an effort to balance the parties' income, because it is clear that the income of the Claimant/Creditor was much higher than the Debtor's at the time of the dissolution. The record is also clear that maintenance was clearly waived in the parties' dissolution agreement, and that, while the Claimant/Creditor was advised by an attorney, the Debtor was not represented by his own attorney in the dissolution

3

proceeding.   Additionally, the location of the provision concerning the debts in question clearly points to a finding that the debts were intended to be in the nature of a property settlement rather than in the nature of maintenance or support.  The Court further finds that there was a separate provision for the payment of child support in the parties' dissolution agreement, and that there are no other factors present which would support a finding that the debts in question are in the nature of maintenance or support pursuant to 11 U.S.C. § 523(a)(5).

In conclusion, the Court finds that the Claimant/Creditor has failed to meet her burden of proof to establish that the debts in question are in the nature of maintenance or support, and, as a result, the Court finds that the Notice of Objection to Claim #2 and the Notice of Objection to Claim #3 filed by the Debtor should be allowed, and that the Objection to Amended Chapter 13 Plan filed by Creditor, Faith Ann Bishop, should be denied.

###